IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| JEFFREY GOODWIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOUIS FOLINO, et al. | : | NO. 05-CV-4403 |


**MEMORANDUM  AND  ORDER**

Ditter, J.                                                                                              July 13, 2009

   This case comes before me on a *habeas corpus* petitioner's objections to the proposed

findings, recommendations, and report of the magistrate judge.  Concluding that those proposed

findings are amply supported by the record and that the learned magistrate judge carefully and

accurately applied the law, I will adopt and approve her report and recommendations, overrule

the petitioner's objections, and deny this petition.  I write separately to address the petitioner's

assertion that he was entitled to equitable tolling of the limitations period for reasons he did not

present to the magistrate judge.

FACTUAL AND PROCEDURAL BACKGROUND

   On May 8, 1997, the petitioner, Jeffrey Goodwin, was convicted of first degree murder

and possession of an instrument of crime following a jury trial in the Court of Common Pleas of

Philadelphia County.  He was sentenced to a term of life imprisonment.  Goodwin has exhausted

his state remedies, first by direct appeal and then by proceeding under the Pennsylvania Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.*

   On direct appeal, the Supreme Court of Pennsylvania denied Goodwin's petition for

allowance of appeal on December 9, 1999.  *Commonwealth v. Goodwin*, 749 A.2d 466 (Pa.

1999).  His judgment of sentence became final ninety days later, on March 8, 2000.[1]  *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (state criminal judgment becomes final at the conclusion of direct review or by the expiration of the time for seeking such review, including the ninety day period for filing a petition for a writ of certiorari in the United States Supreme Court).  Pursuant to the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), absent any statutory or equitable tolling, Goodwin's had until March 8, 2001 to file a petition for a writ of *habeas corpus*.

Goodwin filed a PCRA petition on December 8, 2000 - after 274 days of the limitations period had run.  The Superior Court of Pennsylvania affirmed the decision of the PCRA court rejecting his claims by an opinion dated August 16, 2004, and denied re-argument on October 21, 2004.  The limitations period was statutorily tolled while the PCRA petition was pending through November 21, 2004, when to time to seek review in the Pennsylvania Supreme Court had expired.  *See* 28 U.S.C. § 2244(d)(2) (the limitations period is tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").  Thereafter, the remaining 91 days of the limitations period began to run, expiring on February 20, 2005.  On February 22, 2005, Goodwin filed a second PCRA petition.  On August 2, 2005, the PCRA court dismissed Goodwin's petition as untimely because he did not meet an exception to the filing provisions of 42 Pa.C.S.A. § 9545(b).

On August 18, 2005, approximately six months after the limitations period had run, Goodwin filed his present *habeas corpus* petition.  Chief Magistrate Judge M. Faith Angell

---

[1] I note that my count of days varies slightly from that of the magistrate judge.  I have used the dates accepted by the parties because any difference has no effect on the issue before me.

recommended the petition be denied as untimely.  Goodwin concedes that his petition is

untimely, but argues that equitable tolling should apply because he was given erroneous advice

by his PCRA counsel, and because he is innocent.

DISCUSSION

The AEDPA's one-year statute of limitations period is subject to equitable tolling "only in

the rare situation where equitable tolling is demanded by sound legal principles as well as the

interests of justice."  *Schlueter v. Varner*, 384 F.3d 69, 75 (3d Cir. 2004) (quoting *Jones v.*

*Morton,* 195 F.3d 153, 159 (3d Cir. 1999)).  "Equitable tolling is proper only when the principals

of equity would make the rigid application of a limitation period unfair."  *Miller v. New Jersey*

*State Dep't. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998).  A *habeas* petitioner seeking

equitable tolling must establish that he has pursued his rights diligently and that extraordinary

circumstances prevented him from asserting his claims.  *Pace v. Diguglielmo*, 544 U.S. 408, 418

(2005)*; McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007).  In non-capital cases, attorney

error, miscalculation, inadequate research, or other mistakes are not the extraordinary

circumstances necessary to permit the equitable tolling of AEDPA's one-year period of

limitation.  *See Schlueter*, 384 F.3d at 76.

Acknowledging that his *habeas* petition, filed six months after the expiration of the

limitations period, is statutorily time-barred, Goodwin contends that the erroneous advise of

PCRA counsel justifies equitable tolling.  With his objections, Goodwin includes a letter from

PCRA counsel, dated October 27, 2004, advising him that his PCRA appeal had been denied by

the Superior Court and that there was no basis for an appeal in the Pennsylvania Supreme Court.

PCRA counsel advised Goodwin to file a second PCRA petition but made no mention of the

-3-

option of pursuing federal *habeas corpus* relief.  On February 22, 2005, four months later, and two days after the federal limitations period had run, Goodwin followed the advice of counsel and filed a second PCRA petition.  It was not until his second petition was dismissed as untimely on August 2, 2005, that Goodwin claims he went to the prison law library and learned he could have pursued federal *habeas corpus* relief.  As discussed above, a claim that counsel's advice was erroneous is insufficient to permit the equitable tolling of AEDPA's one-year period of limitation.

Goodwin does not explain why he waited four months to file his second PCRA petition or how counsel's failure to advise kept him from filing a *habeas* petition.  There is no reason he could not have filed both a state PCRA petition and a federal *habeas* petition.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (permitting the district court to stay and abey the *habeas* proceedings where there is good cause for the petitioner's failure to exhaust his claims first in state court).  Of course, if he had filed a *habeas* petition instead of the PCRA petition it would still have been too late.  Goodwin's "lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419.

Goodwin also makes a passing reference to his claim of innocence as cause for equitable tolling.  He asserts that "relevant medical records . . . show that [he] was incapable of forming the intent necessary" for a first degree murder conviction and is therefore innocent.  Doc. #10 at 5.  However, neither the United States Supreme Court not the Third Circuit has held that the statute of limitations for the filing of a habeas corpus petition may be equitably tolled by a claim of actual innocence.  *See Horning v. Lavan*, 197 Fed. Appx. 90,93 (3d Cir. 2006) ("[W]e have yet to hold that the . . . statute of limitations [for habeas corpus petitions] can be equitably tolled

on the basis of actual innocence.").

There is no need for me to do what the Court of Appeals has refrained from doing because Goodwin has not established that he is actually innocent.  To establish actual innocence, Goodwin must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 .S. 298, 324 (1995).  He must then show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Sweger v. Chesney*, 294 F.3d 506, 523-23 (3d Cir. 2002).

Goodwin refers to medical records that indicate drugs were in his system to establish he lacked the requisite intent to commit murder.  This evidence is not new – it was presented at trial, and it obviously did not prevent the jury from finding him guilty beyond a reasonable doubt.

For all these reasons, Goodwin's objections are denied.  An appropriate order follows.